UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------

JOHN BROOKS,

                Plaintiff,

          v.

CITY OF UTICA,

               Defendant.

-----------------------------------------------------------------------

Civil Action No:  6:16-CV-1427
                      (LEK/ATB)

**CIVIL COMPLAINT**

Plaintiff, John Brooks, by and through his attorney, H. Larry Vozzo files this complaint against Defendant, City of Utica, for violating Federal and New York State anti-discrimination laws that prohibit Defendant from discriminating against individuals on the basis of gender and religious beliefs and prohibit retaliation against individuals who seek the protection of Federal and New York State anti-discrimination laws.

## PRELIMINARY STATEMENT

1.  Plaintiff John Brooks, (hereinafter "Mr. Brooks" or "Plaintiff"), at all times relevant to this action was and continues to be a male Firefighter-Paramedic and a practicing Nazirite (also spelled "Nazarite") who was discriminated against by Defendant, City of Utica (hereinafter "City" or "Defendant"), with respect to the terms, conditions, privileges and benefits of employment, and who was subjected to a hostile work environment, disparate treatment and retaliation because of his gender, sincerely held religious beliefs and because he engaged in a protected activity; namely requesting an accommodation due to his sincerely held religious beliefs.

2.   Mr. Brooks brings this action to secure redress for Defendant's violation of his civil right to be free from employment discrimination on the basis of his gender and his religion and religious practices under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and Sections 296(1) (a) and (e) of the New York Executive Law (hereinafter "Human Rights Law").

3.   Mr. Brooks seeks declaratory and injunctive relief, compensatory and punitive damages, attorneys' fees and costs, and other appropriate equitable and legal relief.

## JURISDICTION AND VENUE

4.   The Court has subject matter jurisdiction over Mr. Brook's claims pursuant 28 U.S.C. § 1331 in that this action arises under federal law; specifically, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*, and Title I of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

5.   This Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367, because Mr. Brooks' claims under the Human Rights Law form part of the same case or controversy under Article III of the United States Constitution. Plaintiff's state law claims share all common operative facts with his federal law claims, and the parties are identical. Resolving all state and federal law claims in a single action serves the interests of judicial economy, convenience and fairness to the parties.

6.   Venue is proper in the Northern District of New York pursuant to the general venue statute, 28 U.S.C. §1391, because the unlawful employment discrimination and retaliation giving rise to Plaintiff's claims occurred in this District.

7.  Plaintiff resides in and Defendant is a municipal corporation located within the Northern District of New York.

8.  Plaintiff is employed by Defendant in this District, Plaintiff's employment records are maintained by Defendant in this District, and decisions adverse to Plaintiff's employment that are the subject of this law suit were made and continue to be made in this District.

## PARTIES

9.  Plaintiff, John Brooks, who is employed by Defendant as a Firefighter-Paramedic is a practicing Nazirite. In accordance with Plaintiff's sincerely held religious beliefs and as part of the exercise of his religion, Mr. Brooks, as a sign of devotion to God, has taken a formal oath of service to God. This oath includes allowing his hair to grow uncut. Plaintiff, in keeping with his sincerely held religious beliefs, refuses to cut his hair.

10.  Defendant, City of Utica, is a Municipal Corporation organized and existing under the laws of New York State with over fifteen (15) employees; and as such is a covered employer under state and federal anti-discrimination laws.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11.  On or about June 19, 2015, Plaintiff filed a timely Verified Complaint (DHR Case No.: 10110175866 and EEOC Charge No.: 16GB503157) against the Defendant with the New York State Division of Human Right (hereinafter "DHR") alleging discrimination and retaliation in violation of federal and state laws.

12.  By Notice and Final Order dated June 29, 2016, the New York State DHR, at Plaintiff's request, dismissed Plaintiff's state law claims for the purpose of allowing him

to pursue his claims of unlawful discrimination in federal court (Exhibit "A" attached hereto and made a part hereof).

13.  By Dismissal and Notice of Rights dated September 2, 2016, which was received by Plaintiff on or about September 6, 2016, Plaintiff was notified by the EEOC of his right to file a civil action against Defendant (Exhibit "B" attached hereto and made a part hereof).

14.  This action has been timely filed within ninety (90) days of Plaintiff's receipt of the aforesaid right to sue letter.

## FACTUAL CLAIMS

15. Mr. Brooks has been employed by Defendant as a Firefighter-Paramedic since on or about August 16, 2006.

16. Mr. Brooks has been a practicing Nazirite since 2014.

17. In 2014, Mr. Brooks took an oath to devote his life in service of God.

18. In taking the oath to God, Mr. Brooks vowed, among other things, not to cut his head hair.

19. A vow not to cut one's head hair is in keeping with Nazirite practice.

20. On or about January 17, 2015, Plaintiff notified Deputy Chief Michael Wusik, in writing, that he was a practicing Nazirite, that that his religious beliefs prohibited him from cutting his head hair, requested that Defendant reasonably accommodate his religious beliefs and offered to engage in the interactive process (Exhibit "C", attached hereto and made a part hereof).

21. On or about January 21, 2016, while on duty, Plaintiff was singled out for a uniform inspection and told that that the length of Plaintiff hair was considered out of uniform.

22. On or about January 21, 2016, Deputy Chief John Kelly, ordered Plaintiff to cut his hair by January 25, 2015 or face the possibility of being relieved of duty.

23. Upon being informed by Plaintiff that cutting his hair would violate his religious beliefs and that he (Plaintiff) was again requesting an accommodation, Deputy Chief Kelly told Plaintiff that he would forward that information to his superiors.

24. On or about January 21, 2016, in a written "Special Report" to Deputy Chief Kelly,  Plaintiff explained his religious beliefs to Deputy Chief Kelly and again requested an accommodation for those religious beliefs (Exhibit "D", attached hereto and made a part hereof).

25. On or about January 21, 2016, Plaintiff sent Deputy Chief Kelly an e-mail requesting that an accommodation be considered before Defendant imposed discipline (Exhibit "E", attached hereto and made a part hereof).

26. On or about January 22, 2016, Mr. Brooks met with Lori Wrobel Rockwell ("Rockwell"), Defendant's designated "harassment officer."

27. On or about January 26, 2015, Ms. Rockwell informed Plaintiff that Armond Festine, Defendant's Assistant Corporation Counsel, advised her that the reasonable accommodation policy for religious beliefs did not apply to the Utica Fire Department and refused to accept Plaintiff's complaint of discrimination.

28. On or about January 25, 2015, Deputy Chief Kelly delivered a letter, dated January 23, 2015, from Assistant Chief George Clark addressed to Plaintiff ordering

Plaintiff to cut his hair in compliance with Defendant's existing grooming standards and for safety reasons (Exhibit "F", attached hereto and made a part hereof).

29. The January 23, 2015, letter from Assistant Chief Clark, also ordered Plaintiff to appear in Clark's office on January 29, 2015 and be in compliance with the order to cut his hair or face further disciplinary action (Exhibit "F").

30. On or about January 29, 2015, Plaintiff, as ordered, met with Assistant Chief Clark who interrogated Plaintiff about his religious beliefs, questioned that Nazirites are prohibited from cutting their head hair, accused Plaintiff of being "anti-establishment" and ordered Plaintiff to wear an ill-fitting baseball cap until such time as defendant's Corporation Counsel reviewed case law regarding the need to accommodate Mr. Brooks' sincerely held religious beliefs.

31. Assistant Chief Clark stated that the order to wear the baseball cap was not an accommodation.

32. Complainant was subjected to daily uniform inspections and threats of disciplinary action despite his repeated requests for an accommodation.

33. On or about May 1, 2015, Plaintiff was directed to report to Assistant Chief Clark's office.

34. At the aforesaid meeting with Chief Clark, Plaintiff was ordered by Chief Clark to wear a hairnet at all time while on duty and informed that Plaintiff would he be subjected to daily inspections and would continue to be subject to disciplinary actions for practicing his religion.

35. At the aforesaid meeting Chief Clark provided Plaintiff with written orders (Exhibit "G", attached hereto and made a part hereof) requiring Plaintiff to wear a

hairnet, informing Plaintiff that his appearance would be monitored daily and commented on in written reports to his office.

36. The stated reason for the May 1, 2015 order to Plaintiff to wear a hairnet was not for safety concerns but rather to have Plaintiff conform to Defendant's grooming policy (Exhibit "G").

37. Chief Clark continued to challenge the sincerity of Plaintiff's religious beliefs and threatened discipline if Defendant determined that Plaintiff is not a Nazirite or has never been a Nazarite (Exhibit "G") and attempted to photograph Plaintiff's appearance.

38. On or about May 5, 2016, Plaintiff sent a letter to Harassment Officer Rockwell advising her that he continued to be harassed by his superiors; and requested her assistance in stopping the harassment and retaliatory conduct, and asking her to initiate an investigation into his claims and to accept his complaint of discrimination.

39. Only after Plaintiff sent the aforesaid letter to Rockwell, followed by repeated telephone calls and personal visits to Rockwell's office, was Plaintiff finally provided a complaint form.

40. On or about June 1, 2015, Plaintiff filed a written complaint with Rockwell.

41. Plaintiff never received a formal response from Defendant regarding the complaint he filed with Rockwell.

42. Upon information and belief Defendant did not conduct an investigation into Plaintiff's complaint.

43. Defendant never engaged in the interactive process with Plaintiff to determine a reasonable accommodation for his religious beliefs.

44. Since Plaintiff's written complaint to Rockwell went unanswered; on or about June 18, 2015, Plaintiff sent an e-mail to "all members of the Corporation Counsel and Lori Rockwell" asking about the status of his complaint and countless requests for an accommodation.

45. On or about June 18, 2015, after sending the aforesaid e-mail, Deputy Chief Wusik came to Plaintiff's firehouse and confronted Plaintiff in a hostile manner.

46. Deputy Chief Wusik stated to Plaintiff, in sum and substance: "you have no respect for yourself or your father."

47. Deputy Chief Wusik then reached up and tapped Plaintiff on the head with an envelope Wusik was holding and stated in sum and substance: "I don't understand guys like you."

48. Deputy Chief Wusik then smirked and scoffed when Plaintiff again attempted to explain that his religious beliefs prevented him from cutting his head hair.

49. On or about June 19, 2015, Plaintiff sent a letter to Hon. Robert Palmieri, Mayor of Utica outlining his six-month effort to obtain an accommodation for his religious beliefs, the incidents of harassment, ridicule, retaliation, and the constant threats of discipline (Exhibit "H", attached hereto and made a part hereof).

50. During 2014 through the present, Defendant has employed 3 to 4 female firefighters.

51. These female firefighters have the same or similar duties as Plaintiff.

52. These female firefighters have head hair that is as long as or longer than Plaintiff's head hair.

53. These female firefighters are not required to cut their head hair to the same length as male firefighters.

54. These female firefighters are not required to wear hair nets at all times while on duty.

55. These female firefighters are not required to wear a baseball cap at all times while on duty.

56. These female firefighters are not subjected to constant threats of discipline for having long hair.

57. These female firefighter are never singled out for daily inspections and monitoring because of the length of their hair.

58. Defendant's grooming policy requires that female firefighters with long hair wear their hair in a ponytail.

59. Plaintiff wears his hair in a ponytail at all times while on duty.

60. Upon information and belief, female firefighters routinely wear their long hair down except while on calls.

61. Upon information and belief, female firefighters who do not wear their long hair in a ponytail at all times while on duty are not disciplined.

62. Defendant's Handbook provides for a reasonable accommodation to be made in the grooming standards in the event of a conflict with an employee's sincerely held religious beliefs.

63. Defendant never provided Plaintiff with a reasonable accommodation or even engaged with Plaintiff in the interactive process to determine a reasonable accommodation for Plaintiff's sincerely held religious beliefs.

64. Plaintiff's repeated requests for an accommodation were either denied or ignored.

65. Plaintiff's repeated requests for an accommodation were met with threats of disciplinary action, harassment, ridicule and retaliation.

66. Although Defendant initially denied and/or ignored Plaintiff's request for a reasonable accommodation based on safety concerns; Defendant never conducted a fit test to determine if the length of Plaintiff's head hair actually interfered with the proper function of the safety equipment, before denying and/or ignoring Plaintiff's requests for a reasonable accommodation.

67. On or about June 30, 2015, following Plaintiff's filing of a Verified Complaint with the NYS DHR, Plaintiff participated in a meeting attended by Plaintiff's union representative and Defendant's outside legal counsel.

68. At the aforesaid meeting Defendant's outside legal counsel advised Plaintiff that there would be no investigation of Plaintiff's complaints and analogized Plaintiff's request for an accommodation to a paraplegic asking for an accommodation to be a firefighter.

69. On or about February 29, 2016, Mr. Brooks served on Defendant a Notice of Claim alleging violation of Plaintiff's right to be free from discrimination and retaliation.

70. On May 24, 2016, pursuant to Section 50-h of New York General Municipal Law the City examined Mr. Brooks under oath regarding the allegations contained in the above referenced Notice of Claim.

71. Mr. Brooks' repeated requests for a reasonable accommodation due to his sincerely held religious beliefs are still outstanding.

72. Mr. Brooks reports to works in fear of being subjected to discipline or reprisal from his superior officers on the basis of his sincerely held religious beliefs and his requests for a reasonable accommodation.

73. Upon information and belief, the daily written monitoring reports to Assistant Chief Clark and his refusal to cut his hair have become part of Plaintiff's personnel record and as such may negatively impact Plaintiff's future chances for promotion and other job related benefits and privileges of employment.

74. Mr. Brooks has suffered, and continues to suffer, harm, including mental stress and anguish due Defendant's unlawful discriminatory conduct which includes but is not limited to: failing or refusing to accommodate Plaintiff's sincerely held religious beliefs; failing or refusing to stop the continued and routine harassment, ridicule and continual threats of discipline; failing or refusing to accept Plaintiff's repeated attempts to file an internal complaint of discrimination; being treated differently than similarly situated female firefighters, and Defendant's retaliatory conduct in response to Mr. Brooks' request for a reasonable accommodation for his religious beliefs.

## RELIEF ALLEGATIONS

75. An actual controversy exists between Plaintiff and Defendants regarding their respective rights and duties. Plaintiff seeks judicial declaration of the rights and duties of the respective parties; including a declaration that Defendant's conduct as set forth herein violated Title VII and the NYS Human Rights Law. Plaintiff is informed and believes, and thereon alleges, that Defendant denies that its actions and/or failures to act were unlawful. Declaratory relief is therefore necessary and appropriate at this time so that Plaintiff can ascertain his rights.

76. Defendant intentionally acted or failed to act as herein alleged on the basis of Plaintiff's religion and gender.

77. Defendants acted or failed to act as herein alleged with malice or reckless indifference to the protected rights of Plaintiff. Plaintiff is thus entitled to punitive damages in an amount to be determined according to proof.

## FIRST CAUSE OF ACTION

*Unlawful Discrimination on the basis of Religion in Violation of Title VII*

78. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-77 of the Complaint as set forth in full herein.

79. Defendant's conduct as herein alleged violates Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a)(1), which makes unlawful, discrimination against employee on the basis of religion. The term "religion" includes "all aspects of religious observance and practice, as well as belief." 42 U.S.C. § 2000e(j).

80. Defendant discriminated against Plaintiff in violation of Title VII when it repeatedly threatened Plaintiff with discipline, including termination of employment because he refused to cut his head hair due to sincerely held religious beliefs.

81. The stated reasons for the Defendant's conduct were not the true reasons, but instead were a pretext to hide the Defendant's discriminatory animus.

82. As a proximate result of Defendant's discriminatory actions, Plaintiff has suffered and continues to suffer mental anguish, emotional distress and humiliation. As a result of those actions and consequent harms, Plaintiff has suffered such damages in an amount to be proved at trial.

83. Defendant's unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Plaintiff's rights.

84. Plaintiff requests relief as described in the Prayer for Relief below.

## SECOND CAUSE OF ACTION

*Unlawful Failure to Accommodate Religious Beliefs in Violation of Title VII*

85. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-84 as though fully set forth herein.

86. Defendant's conduct as herein alleged violates Title VII of the Civil Rights Act of 1954, 42 U.S.C. §2000e(j), requires an employer to "accommodate" an employee's religious practices and beliefs.

87. Defendant acted in violation of Title VII when, rather than initiating steps toward accommodating Plaintiff's religious beliefs, Defendant refused to enter into the interactive process, it refused to take Plaintiff's internal complaint, it refused to investigate Plaintiff's complaints, it refused to provide a reasonable accommodation for Plaintiff's sincerely held religious beliefs and it repeatedly threatened Plaintiff with disciplinary action if he failed to comply with orders to cut his head hair.

88. Accommodating Plaintiff would not cause Defendant an undue hardship or create a safety risk to Plaintiff or others.

89. The stated reasons for the Defendant's conduct were not the true reasons, but instead were a pretext to hide the Defendant's discriminatory animus.

90. As a proximate result of Defendant's discriminatory actions, Plaintiff has suffered and continues to suffer mental anguish, emotional distress, and humiliation. As a result of

such actions and consequent harms, Plaintiff has suffered such damages in an amount to be proved at trial.

91.   Defendant's unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Plaintiff's rights.

92.   Plaintiff requests relief as described in the Prayer for Relief below.

## THIRD CAUSE OF ACTION

*Unlawful Discrimination on the basis of Religion in Violation of Title VII*

93.   Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-92 of the Complaint as set forth in full herein.

94.   Defendant's conduct as herein alleged violates Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a)(1), which makes unlawful, discrimination against employee on the basis of religion. The term "religion" includes "all aspects of religious observance and practice, as well as belief." 42 U.S.C. § 2000e(j).

95.   Defendant discriminated against Plaintiff in violation of Title VII when it created a hostile and abusive work environment; and when it repeatedly threatened Plaintiff with discipline, including termination of employment; and when it ordered Plaintiff to wear an ill-fitting baseball cap at all times while on duty; and when it ordered Plaintiff to wear a hairnet at all times while on duty; and when it subjected Plaintiff to daily inspections and monitoring,; and when it challenged Plaintiff's sincerely held religious beliefs and ridiculed Plaintiff for those beliefs; and when it refused to take Plaintiff's repeated requests to file an internal complaint; and when it ignored and continues to ignore Plaintiff's repeated requests for an accommodation.

14

96.   The stated reasons for the Defendant's conduct were not the true reasons, but instead were a pretext to hide the Defendant's discriminatory animus.

97.   As a proximate result of Defendant's discriminatory actions, Plaintiff has suffered and continues to suffer mental anguish, emotional distress and humiliation. As a result of those actions and consequent harms, Plaintiff has suffered such damages in an amount to be proved at trial.

98.   Defendant's unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Plaintiff's rights.

99.   Plaintiff requests relief as described in the Prayer for Relief below.

## FOURTH CAUSE OF ACTION

*Unlawful Discrimination on the basis of Reprisal for Engaging in Protected Activities*

100. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-99 of the Complaint as set forth in full herein.

101. The Defendant's conduct as herein alleged violates Title VII of the Civil Rights Act of 1964, which makes it unlawful for an employer to retaliate against an employee because he engaged in activities protected by Title VII.

102. Defendant discriminated against Plaintiff in violation of Title VII when it repeatedly threatened to discipline Plaintiff, when it ordered Plaintiff to wear a baseball cap and/or hairnet at all times while on duty; when it refused to accept Plaintiff's internal complaint; and when it subjected Plaintiff to ridicule and questioned Plaintiff's religious beliefs; after Plaintiff requested an accommodation for his religious beliefs and after Plaintiff sought to file an internal complaint with the Defendant's harassment office.

103. The stated reasons for the Defendant's conduct were not the true reasons, but instead were a pretext to hide the Defendant's discriminatory animus.

104. As a proximate result of Defendant's discriminatory actions, Plaintiff has suffered and continues to suffer mental anguish, emotional distress and humiliation. As a result of those actions and consequent harms, Plaintiff has suffered such damages in an amount to be proved at trial.

105. Defendant's unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Plaintiff's rights.

106. Plaintiff requests relief as described in the Prayer for Relief below.

## FIFTH CAUSE OF ACTION

*Unlawful Discrimination on the Basis of Disparate Treatment on the Basis of Religion*

107. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-106 of the Complaint as set forth in full herein.

108. The Defendant's conduct as herein alleged violates Title VII of the Civil Rights Act of 1964, which makes it unlawful for an employer to discriminate against an employee because of his gender or religion.

109. Defendant discriminated against Plaintiff when it treated him differently than female employees with long head hair: Namely, female employees with long head hair are not made to wear baseball caps and/or hairnets at all times while on duty and are not required to follow the Defendant's grooming policy which requires that females with long hair wear their hair in a ponytail at all times while on duty. Nor are female employees with longhair are neither disciplined or threatened with discipline for not following Defendant's grooming policy.

16

110. The stated reasons for the Defendant's conduct were not the true reasons, but instead were a pretext to hide the Defendant's discriminatory animus.

111. As a proximate result of Defendant's discriminatory actions, Plaintiff has suffered and continues to suffer mental anguish, emotional distress and humiliation. As a result of those actions and consequent harms, Plaintiff has suffered such damages in an amount to be proved at trial.

112. Defendant's unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Plaintiff's rights.

113. Plaintiff requests relief as described in the Prayer for Relief below.

### SIXTH CAUSE OF ACTION

*Violation of the New York State Human Rights Law*

114.  Plaintiff, repeats and realleges each and every allegation contained in paragraphs 1-113 of the Complaint as set forth in full herein.

115. Defendant's conduct as herein alleged violates the NYS HRL, which makes unlawful, discrimination against employee on the basis of religion.

116. Defendant discriminated against Plaintiff in violation of HRL when it repeatedly threatened Plaintiff with discipline, including termination of employment because he refused to cut his head hair due to sincerely held religious beliefs.

117. The stated reasons for the Defendant's conduct were not the true reasons, but instead were a pretext to hide the Defendant's discriminatory animus.

118. As a proximate result of Defendant's discriminatory actions, Plaintiff has suffered and continues to suffer mental anguish, emotional distress and humiliation. As a result of

those actions and consequent harms, Plaintiff has suffered such damages in an amount to be proved at trial.

119. Defendant's unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Plaintiff's rights.

120. Plaintiff requests relief as described in the Prayer for Relief below.

### SEVENTH CAUSE OF ACTION

*Unlawful Failure to Accommodate on the Basis of Religion in Violation of the NYS HRL*

121. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-20 as though fully set forth herein.

123. Defendant's conduct as herein alleged violates the NYS HRL, which requires an employer to "accommodate" an employee's religious practices and beliefs.

124. Defendant acted in violation of HRL when, rather than initiating steps toward accommodating Plaintiff's religious beliefs, Defendant refused to enter into the interactive process, it refused to take Plaintiff's internal complaint, it refused to investigate Plaintiff's complaints, it refused to provide a reasonable accommodation for Plaintiff's sincerely held religious beliefs and it repeatedly threatened Plaintiff with disciplinary action if he failed to comply with orders to cut his head hair.

125. Accommodating Plaintiff would not cause Defendant an undue hardship or create a safety risk to Plaintiff or others.

126. The stated reasons for the Defendant's conduct were not the true reasons, but instead were a pretext to hide the Defendant's discriminatory animus.

127. As a proximate result of Defendant's discriminatory actions, Plaintiff has suffered and continues to suffer mental anguish, emotional distress, and humiliation. As a result of

such actions and consequent harms, Plaintiff has suffered such damages in an amount to be proved at trial.

128. Defendant's unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Plaintiff's rights.

129. Plaintiff requests relief as described in the Prayer for Relief below.

## EIGHT CAUSE OF ACTION

*Unlawful Discrimination on the basis of Religion in Violation of Title VII*

130. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-129 of the Complaint as set forth in full herein.

131. Defendant's conduct as herein alleged violates the HRL which makes unlawful, discrimination against employee on the basis of religion.

132. Defendant discriminated against Plaintiff in violation of HRL when it created a hostile and abusive work environment; and when it repeatedly threatened Plaintiff with discipline, including termination of employment; and when it ordered Plaintiff to wear an ill-fitting baseball cap at all times while on duty; and when it ordered Plaintiff to wear a hairnet at all times while on duty; and when it subjected Plaintiff to daily inspections and monitoring,; and when it challenged Plaintiff's sincerely held religious beliefs and ridiculed Plaintiff for those beliefs; and when it refused to take Plaintiff's repeated requests to file an internal complaint; and when it ignored and continues to ignore Plaintiff's repeated requests for an accommodation.

133. The stated reasons for the Defendant's conduct were not the true reasons, but instead were a pretext to hide the Defendant's discriminatory animus.

134. As a proximate result of Defendant's discriminatory actions, Plaintiff has suffered and continues to suffer mental anguish, emotional distress and humiliation. As a result of those actions and consequent harms, Plaintiff has suffered such damages in an amount to be proved at trial.

135. Defendant's unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Plaintiff's rights.

136. Plaintiff requests relief as described in the Prayer for Relief below.

## NINTH CAUSE OF ACTION

*Unlawful Discrimination on the basis of Reprisal for Engaging in Protected Activities*

137. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-136 of the Complaint as set forth in full herein.

138. The Defendant's conduct as herein alleged violates the NYS HRL, which makes it unlawful for an employer to retaliate against an employee because he engaged in activities protected by HRL.

139. Defendant discriminated against Plaintiff in violation of HRL when it repeatedly threatened to discipline Plaintiff, when it ordered Plaintiff to wear a baseball cap and/or hairnet at all times while on duty; when it refused to accept Plaintiff's internal complaint; and when it subjected Plaintiff to ridicule and questioned Plaintiff's religious beliefs; after Plaintiff requested an accommodation for his religious beliefs and after Plaintiff sought to file an internal complaint with the Defendant's harassment office.

140. The stated reasons for the Defendant's conduct were not the true reasons, but instead were a pretext to hide the Defendant's discriminatory animus.

141. As a proximate result of Defendant's discriminatory actions, Plaintiff has suffered and continues to suffer mental anguish, emotional distress and humiliation. As a result of those actions and consequent harms, Plaintiff has suffered such damages in an amount to be proved at trial.

142. Defendant's unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Plaintiff's rights.

143. Plaintiff requests relief as described in the Prayer for Relief below.

## TENTH CAUSE OF ACTION

*Unlawful Discrimination on the Basis of Disparate Treatment on the Basis of Religion*

144. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-143 of the Complaint as set forth in full herein.

145. The Defendant's conduct as herein alleged violates NYS HRL, which makes it unlawful for an employer to discriminate against an employee because of his gender or religion.

146. Defendant discriminated against Plaintiff when it treated him differently than female employees with long head hair: Namely, female employees with long head hair are not made to wear baseball caps and/or hairnets at all times while on duty and are not required to follow the Defendant's grooming policy which requires that females with long hair wear their hair in a ponytail at all times while on duty. Nor are female employees with longhair are neither disciplined or threatened with discipline for not following Defendant's grooming policy.

147. The stated reasons for the Defendant's conduct were not the true reasons, but instead were a pretext to hide the Defendant's discriminatory animus.

21

148. As a proximate result of Defendant's discriminatory actions, Plaintiff has suffered and continues to suffer mental anguish, emotional distress, and humiliation. As a result of those actions and consequent harms, Plaintiff has suffered such damages in an amount to be proved at trial.

149. Defendant's unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Plaintiff's rights.

150. Plaintiff requests relief as described in the Prayer for Relief below.


## PRAYER FOR RELIEF

WHEREFORE, Plaintiff John Brooks respectfully requests that this Court:

1.  Enter a declaratory judgment that the practices complained of in this Complaint are unlawful and violate Title VII of the Civil Rights Act of 1964 and the New York State Human Rights Law;

2.  Grant all injunctive relief necessary to bring Defendant into compliance with the aforementioned laws; including a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in discrimination against applicants or employees because of their religion, by failing to accommodate their religious beliefs and practices and/or by engaging in unlawful retaliation against employees who request that their religious practices be accommodated.

3.  Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for all religious adherents.

22

4.   Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities and do not unlawfully retaliate against religious adherents such as Nazirites who request accommodation of their religious beliefs and practices.

5.   Order Defendant to pay compensatory damages for Plaintiff's emotional pain and suffering, in an amount to be proven at trial;

6.   Order defendants to pay exemplary and punitive damages;

7.   Order Defendants to pay attorney's fees and costs of this action (including expert fees, disbursements and other expenses related to this lawsuit);

8.   Award such other and further relief as the Court deems necessary, just, proper and equitable.

<strong>JURY DEMAND</strong>

Plaintiff, John Brooks, demands a trial by jury on all causes of action so triable.

Dated:   Syracuse, New York
         November 30, 2016

Respectfully submitted,

H. LARRY VOZZO, ESQ. (HV6723)
*Attorney for Plaintiff*
*Bar Roll No.: 506059*

AXA Tower I, Suite 1710
100 Madison Street
Syracuse, NY 13202
Telephone (315) 476-2191
Fax (315) 449-9804

23